UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KRISTINA R. CARROLL,

                              Plaintiff,

  -against-                                    1:05-CV-1619
                                                         (LEK/DRH)

MITSUBISHI MOTOR SALES OF AMERICA,
INC., MITSUBISHI MOTORS CORPORATION
a/k/a MITSUBISHI MOTORS CORP.,
MITSUBISHI MOTORS AMERICA, INC.,
MITSUBISHI MOTOR MANUFACTURING
OF AMERICA, INC., and BEY AUTO, INC.,
Individually and d/b/a/ COLONIAL and/or
COLONIAL MITSUBISHI,

                              Defendants.
_____

## MEMORANDUM-DECISION AND ORDER

**I. Background**

      Presently before this Court is a Motion brought by Bey Auto, Inc. ("Defendant") to dismiss, pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), and/or 12(b)(5) of the *Federal Rules of Civil Procedure* ("FRCP"), the complaint filed by Kristina Carroll ("Plaintiff"). Dkt. No. 10. Plaintiff commenced this action in the Supreme Court, State of New York, Ulster County on August 11, 2005, to recover damages allegedly resulting from a motor vehicle accident that occurred on August 11, 2002. Id. Plaintiff, a resident of Ulster County, New York, purchased the motor vehicle, a 2002 Mitsubishi sports utility vehicle, from Defendant at its place of business in Danbury, Connecticut, on December 19, 2001. Id. Counsel for the co-defendants filed and served a notice of removal, pursuant to 28 U.S.C. § 1446, to this Court on December 30, 2005. Dkt. No. 1.

**II.    DISCUSSION**

    **A.    Personal Jurisdiction**

        **1. FRCP 12(b)(2) Standard**

When a defendant moves to dismiss a complaint for lack of personal jurisdiction pursuant to FRCP 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. See In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). The defendant's FRCP 12(b)(2) motion only challenges the sufficiency of the plaintiff's factual allegations. See Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). Accordingly, "the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction." Id. The Court will credit Plaintiff's averments of jurisdictional facts as true. See Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).

In diversity cases, personal jurisdiction is determined by the law of the state in which the district court sits. DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001). In order to determine whether there is a basis to exercise personal jurisdiction over a defendant, a district court sitting in diversity is required to apply a two part analysis and will look first to the law of the forum state, here New York, to determine whether there is jurisdiction over the defendant, before determining whether an exercise of jurisdiction is consistent with constitutional due process requirements. See Siverls-Dunham v. Seung Huen Lee, 05 Civ. 7518 (PKC), 2006 U.S. Dist. LEXIS 82927, at *13-*14 (S.D.N.Y. Nov. 13, 2006). Defendant argues that personal jurisdiction cannot be asserted under two provisions of New York law, Sections 301adn 302(a)(1) of *New York Civil Practice Law and Rules* ("CPLR"). In response, Plaintiff contends that Defendant: (1) did not

comply with CPLR 3211(e) and waived the affirmative defense of lack of jurisdiction by failing to move to dismiss with within sixty (60) days from originally asserting that the Court lacked jurisdiction in its Answer served on Plaintiff, and (2) that Defendant consented to jurisdiction by joining in the removal of this action to federal court.

### 2. Motion for Lack of Personal Jurisdiction Not Time Barred

Neither of Plaintiff's arguments are persuasive. First, CPLR 3211(e) requires that a defendant move to dismiss only for improper service within sixty (60) days after raising this defense in its answer; all other objections that go to personal jurisdiction can be postponed until later, if they were raised as a defense in the defendant's answer. See N.Y. C.P.L.R. 3211 & cmt. C3211:59 (McKinney 2006). A defense based on lack of personal jurisdiction is only waived if the defendant fails to make it either by motion or answer. See id. Defendant did raise its objection to the Court's exercise of personal jurisdiction in its Verified Answer, and, thus, the Defendant has preserved his jurisdictional objection. See Verified Answer (Dkt. No. 6) at ¶12.

### 3. Consent to Removal Does Not Waive Defense of Lack of Personal Jurisdiction

The case law holds that Defendant's consent to removal of an action does not waive a defense of lack of personal jurisdiction. Plaintiff cites Lomaglio Assocs. v. LBK Mktg. Corp., 876 F. Supp. 41 (S.D.N.Y. 1995), in support of her contention that Defendant has consented to the exercise of this Court's jurisdiction. However, Supreme Court and Second Circuit precedent holds that Lomaglio was incorrectly decided and that removal does not waive a defendant's defense of lack of personal jurisdiction  See Sirius Am. Ins. Co., v. SCPIE Indem. Co., 05 Civ. 7923 (BSJ)

(GWG), 2006 U.S. Dist. LEXIS 64916 (S.D.N.Y. Sept. 3, 2006) (citing <u>Cain v. Commercial Publ'g Co.</u>, 232 U.S. 124, 133 (1914) (removal did not affect defendant's right to object to personal jurisdiction); <u>Morris & Co. v. Skandinavia Ins. Co.</u>, 279 U.S. 405 (1929) ("Petitioner suggests that, by removal of the case to the federal court, objection to jurisdiction over the person of respondent was waived. Our decisions are to the contrary.") (citations omitted); <u>Cantor Fitzgerald, L.P. v. Peaslee</u>, 88 F.3d 152, 157 n.4 (2d Cir. 1996) (rejecting argument that defendant "waived his defense of lack of personal jurisdiction by removing to federal court and commencing discovery on the merits after filing his motion to dismiss" and holding that "[r]emoval does not waive any Rule 12(b) defenses"). As a result, this Court finds that Defendant did not consent to the jurisdiction of the Court by allowing the removal of the present action and its defense of lack of jurisdiction is now properly before the Court.

### 4. No Personal Jurisdiction Under CPLR 302(a)(1)

Defendant states that the claim before the Court does not arise out of the transaction of any business in New York State and, therefore, Plaintiff cannot establish jurisdiction over Defendant pursuant to CPLR 302(a)(1). CPLR 302(a)(1) provides a basis for jurisdiction over a non-domiciliary who, *inter alia*, (1) transacts business within the state and (2) the cause of action arises from that transaction. N.Y. C.P.L.R. 302(a)(1) (McKinney 2006). Defendant asserts that the transaction at issue, the purchase of the vehicle from Defendant's car dealership, took place wholly and completely in Connecticut and, as a result, Plaintiff cannot establish the threshold element – that the transaction occurred in New York. <u>See</u> Deft's Memorandum of Law (Dkt. No. 10, Attach. 2) at 2; Affidavit of Beylouni (Dkt. No. 10, Attach. 3) at ¶4. Plaintiff acknowledges that she purchased

4

the vehicle from Defendant in Danbury, Connecticut. Affidavit of K. Carroll in Opposition (Dkt. No. 11) at ¶3. The Court finds that the transaction from which the cause arises did not occur in New York and, as a consequence, the Court does not have jurisdiction over Defendant pursuant to CPLR 302(a)(1).

### 5. No Personal Jurisdiction Under CPLR 301

Additionally, Defendant asserts that its activities do not rise to the "doing business" standard that would allow for the assertion of general personal jurisdiction under CPLR 301. Deft's Memorandum of Law (Dkt. No. 10, Attach. 2) at 4. "In order to establish that the ['doing business'] standard is met, a plaintiff must show that a defendant engaged in 'continuous, permanent, and substantial activity in New York.'" Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2d Cir. 2000) (quoting Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1991)). To determine whether a defendant can be considered to be "doing business" in New York, courts traditionally look to whether a foreign corporation: (1) has an office in New York; (2) solicits business in New York; (3) has bank accounts or other property in New York; and (4) if any employees are present in New York. See Insight Data Corp. v. First Bank Sys., No. 97 Civ. 4896 (MBM), 1998 U.S. Dist. LEXIS 3604, at *11 (S.D.N.Y. Mar. 25, 1998) (citing Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 58 (2d Cir. 1985)).

When examining the factors listed above, nearly all of Defendant's activities fail to rise to the level of "doing business"in New York. Defendant maintains one office, in Danbury, Connecticut, and conducts all of its business there. Affidavit of Beylouni (Dkt. No. 10, Attach. 3) at ¶2. Defendant does not have any property or bank accounts in New York. Id. Nor does Defendant

have any employees in New York. Deft's Memorandum of Law (Dkt. No. 10, Attach. 2) at 5.

However, Defendant did solicit business in New York. See Id.. Nevertheless, advertising in New York publications, without more, generally has not been found to constitute a basis for personal jurisdiction under CPLR 301. See Muse v. Vagabond Inn Hotel, Case No. 01-CV-106 (FB), 2002 U.S. Dist. LEXIS 132, at *3-*4 (E.D.N.Y. Jan. 7, 2002) ("'Generally, however, . . . the mere solicitation or promotion of business in New York by an out-of-State company does not amount to the minimum contacts required to constitute doing business.'") (quoting Carbone v. Fort Erie Jockey Club, Ltd., 366 N.Y.S.2d 485, 487 (App. Div. 4th Dep't 1975) (additional citations omitted). "'Though "mere solicitation" alone does not constitute "doing business," solicitation coupled with other activities within the forum state will render a corporation "present" for the purposes of personal jurisdiction. . . . To invoke the "solicitation-plus rule," solicitation by a foreign corporation must be substantial. . . . 'Although once solicitation is found in a substantial degree very little more is necessary to a conclusion of doing business . . . To sustain personal jurisdiction, New York courts require substantial solicitation that is carried on with a considerable measure of continuity and from a permanent locale within the state.'" Daou v. Early Advantage LLC, 410 F. Supp. 2d 82, 95 (N.D.N.Y. 2006)(Kahn, D.J.) (citing Traflex Int'l, Inc. v. Jasmin, Ltd., No. 88 CIV. 3557, 1990 WL 115624, at *2-*3 (S.D.N.Y. Aug. 7, 1990) (internal citations omitted)).

Defendant concedes that it did advertise "occasional[ly]" in the Yorktown Pennysaver. Deft's Memorandum of Law (Dkt. No. 10, Attach. 2) at 5. Plaintiff alleges that, at the time of her purchase, Defendant's employees made representations to her that Defendant "consistently placed adds (sic) for the sale of their motor vehicles in the Yorktown Pennysaver, a weekly publication, which circulated within, and targeted Ulster County as a primary market for the sale of their motor

6

vehicles." Affidavit of K. Carroll in Opposition (Dkt. No. 11) at ¶5. Since the jurisdictional issue comes before the Court on Defendant's Motion pursuant to FRCP 12(b)(2), the Court will consider the Plaintiff's jurisdictional allegations as true and determine whether they constitute a *prima facie* showing of jurisdiction. See Ball, 902 F.2d at 197; Metro. Life Ins., 84 F.3d at 567.

Numerous courts in New York have found that they could not exercise personal jurisdiction over defendants who had substantially more contact with the forum than Defendant. See, e.g., Holness v. Maritime Overseas Corp., 676 N.Y.S.2d 540 (App. Div.1st Dep't 1998) (no jurisdiction over foreign company whose only contacts with New York are advertising and marketing activities done on its behalf and occasional visits by company representatives); New England Laminates Co. v Murphy, 362 N.Y.S.2d 730, 733, 1027 (Sup. Ct. Nassau County 1974) (no personal jurisdiction where defendant advertised in New York, shipped goods to New York buyers, and maintained two employees in-State, but contracts had to be approved by main office in California and only 4% of defendant's business was from New York); cf. Thompson Med. Co., Inc. v. Nat'l Ctr. of Nutrition, Inc., 718 F. Supp. 252 (S.D.N.Y. 1989) (jurisdiction under the "solicitation-plus" doctrine existed when defendant's nationwide advertising campaign in 21 publications generated revenues from New York representing about 8.5% of its total sales; New York callers accounted for 12% of the total nationwide calls to defendant's toll-free phone number; defendant prepared a lengthy feasibility study for at least one New York hospital; and, defendant dispatched sales representatives to New York on a number of occasions to solicit the business of hospitals located within the state). Plaintiff's allegation in the case at bar that Defendant only advertised in the Yorktown Pennysaver does not amount to substantial solicitation in New York; nor does Plaintiff adequately allege that Defendant undertook sufficient other activities (beyond allegedly targeting Ulster County) within

the forum to sustain jurisdiction over Defendant pursuant to CPLR 301 under the "solicitation-plus" rule.

### B. Service of Process

The Court finds that it cannot exercise personal jurisdiction over Defendant. Accordingly, the Court need not address Plaintiff's Motion to dismiss for insufficiency of process, which is denied as moot.

### C. Transfer of Venue

Plaintiff requests if the Court does not exercise its jurisdiction over the Defendant, that the matter should be transferred to a more appropriate venue pursuant to 28 U.S.C. § 1406(a).[1] While the Court lacks personal jurisdiction over the Defendant, it may transfer the action to another district where it could have been brought - if the transfer would promote the interests of justice. See Holey Soles Holdings, Ltd. v. Foam Creations, Inc., No. 05 Civ. 6939 (MBM), 2006 WL 1147963, at *9 (S.D.N.Y. May 1, 2006) (citing Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 80 (2d Cir. 1978); Grill v. Walt Disney, Co., 683 F. Supp. 66, 69-70 (S.D.N.Y. 1988); Body Beautiful, Inc. v. Fred Hayman Beverly Hills, Inc., No. 96 Civ. 8541, 1997 WL 527784 (S.D.N.Y. Aug. 25, 1997)).

---

[1]Section 1406(a) states:

> "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

28 U.S.C. § 1406(a).

Defendant resides in the District of Connecticut and is subject to that Court's personal jurisdiction, and, therefore, venue is proper in that district. 28 U.S.C. § 1391(a). As a result, the case can be properly transferred to the United States District Court for the District of Connecticut and transfer of this case would serve the interests of justice. See 28 U.S.C. § 1406(a). Moreover, transfer of the action would not require Plaintiff to re-file this action and would not prejudice Defendant because it already has notice of the action and have been proceeding accordingly.

Having transferred the action against Defendant Bey Auto, Inc., the Court may consider *sua sponte* whether it is in the interests of justice to transfer the case with respect to the other Defendants under 28 U.S.C. § 1404(a).[2] Lead Indus. Ass'n v. Occupational Safety & Health Admin., 610 F.2d 70, 79 n.17 (2d Cir. 1979). While motions to transfer lie within the courts' broad discretion, the following factors should be weighed when considering whether to transfer under §1404(a): "(1) the convenience of the parties; (2) the convenience of material witnesses; (3) the relative means of the parties; (4) the locus of operative events; (5) the relative ease of access to sources of proof; (6) the weight accorded to plaintiff's choice of forum; (7) the availability of process to compel the presence of an unwilling witness; (8) the forum's familiarity with the governing law; and (9) trial efficacy and the interests of justice based upon the totality of the circumstances." Snyder v. Ply Gem Indus., Inc., 200 F. Supp. 2d 246, 250 (S.D.N.Y. 2001). It is in

---

[2] Unlike § 1406(a), § 1404(a) provides for transfer when the case is properly before the district court, as is the case with respect to the Mitsubishi defendants. Section 1404(a) states:

> "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought."

28 U.S.C. § 1404(a).

the interests of justice to transfer the case against the Mitsubishi Defendants to the United States District Court for the District of Connecticut, as well.  The events, witnesses, and sources of proof are all located in Connecticut.  Furthermore, it is more efficacious for the Courts and the parties for all Defendants to be before the same Court.  Moreover, the Mitsubishi Defendants are corporations with national and international reach and, as a result the U.S. District Court for the District of Connecticut can exercise its jurisdiction over said defendants.  See 28 U.S.C. § 1391(a).  Accordingly, the United States District Court for the District of Connecticut is a proper venue for the Mitsubishi Defendants and transfer is proper.  See 28 U.S.C. § 1404(a).

**III. Conclusion**

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion to Dismiss (Dkt. No. 10) is **GRANTED IN PART** for lack of personal jurisdiction pursuant to Rule 12(b)(2) and **DENIED IN PART** for failure to effect service of process pursuant to Rule 12(b)(4) and/or Rule (b)(5) and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) **AS MOOT**; and it is further

**ORDERED**, that Plaintiff's alternative request for transfer (Dkt. No. 12, Attach. 1) of the case as against **ALL DEFENDANTS** is **GRANTED**, and this case is hereby **TRANSFERRED**, pursuant to Rule 12 and 28 U.S.C. §§ 1391, 1404, and 1406 **to the United States District Court for the District of Connecticut** for all further litigation; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:   December 04, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge